IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALIBER AUTOMOTIVE LIQUIDATORS, | § | |
| INC., d/b/a CALIBER GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. _____ |
| vs. | § | |
| | § | Jury Demanded |
| MIKE CALVERT, INC., d/b/a | § | |
| MIKE CALVERT TOYOTA, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Caliber Automotive Liquidators, Inc. d/b/a Caliber Group, Inc., by and through undersigned counsel, and for its Complaint against Mike Calvert Toyota, states and alleges as follows:

## THE PARTIES

1.      Plaintiff Caliber Automotive Liquidators, Inc. d/b/a Caliber Group, Inc. ("Caliber" or "Plaintiff"), is a California corporation with its principal place of business located at 2280 Wardlow Circle, Suite 220, Corona, California 92880.

2.      Upon information and belief, Mike Calvert, Inc., d/b/a Mike Calvert Toyota ("Defendant) is a Texas corporation that may be served with process by serving its Registered Agent, Michael R. Calvert, at its principal place of business located at 2333 South Loop West Houston, Texas 77054.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338,

in that it is a civil action arising under an Act of Congress, the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); and under 15 U.S.C. § 1121, which grants this Court original jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.  Notwithstanding the foregoing, this Court also has subject matter jurisdiction over this case in accordance with 28 U.S.C. § 1332 in that there is complete diversity of citizenship as between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4.     Venue is appropriate in the Houston Division of the Southern District of Texas, pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

5.     For over twenty years, Plaintiff Caliber has been in the business of partnering with existing automobile dealerships for purposes of rendering marketing and advertising services to said dealerships using well-established and federally registered trademarks.

6.     In this regard, Plaintiff Caliber owns all rights, title, and interest in and to United States Trademark Registration No. 2,757,593 for the mark SLASHER SALE.  A true and accurate copy of U.S. Reg. No. 2,757,593 is attached hereto and incorporated herein as Exhibit 1.

7.     Likewise, Plaintiff Caliber owns all rights, title, and interest in and to United States Trademark Registration No. 2,227,377 for the SLASH-IT! SALES EVENT (hereinafter collectively referred to with the SLASHER SALE mark as "Caliber's Marks" or the "Caliber Marks").  A true and accurate copy of U.S. Reg. No. 2,227,377 is attached hereto and incorporated herein as Exhibit 2.

8.     Plaintiff Caliber (or its predecessor-in-interest) has used the SLASHER SALE mark in commerce on and in connection with advertising agency services and rendering sales

promotion advice in the automobile industry since at least as early as 1998.

9.     The registration for SLASHER SALE is valid, has not been revoked or cancelled, has persisted for more than five years, and has become incontestable.

10.    Plaintiff Caliber (or its predecessor-in-interest) has used the SLASH-IT! SALES EVENT mark in commerce on and in connection with advertising agency services and rendering sales promotion advice in the automobile industry since at least as early as December 16, 1996.

11.    The registration for SLASH-IT! SALES EVENT is valid, has not been revoked or cancelled, has persisted for more than five years, and has become incontestable.

12.    As a result of this longstanding and extensive use, the Caliber Marks have become well-known and recognized by the consuming public.

13.    Plaintiff Caliber has developed a great deal of goodwill in the Caliber Marks, and the services associated therewith.

14.    The Caliber Marks enjoy an excellent reputation, and as such, they have become invaluable assets to Plaintiff Caliber.

15.    In or around October, 2015, Plaintiff Caliber became aware of Defendant's use of word marks identical or closely similar to the Caliber Marks on and in connection with its automotive services and goods, particularly in relation to advertisements.  A true and accurate copy of said infringement specimen is attached hereto and incorporated herein as Exhibit 3.

16.    On October 8, 2015, Plaintiff Caliber sent a letter to Defendant, via Federal Express, notifying Defendant of Plaintiff Caliber's rights in and to the Caliber Marks and asking Defendant to cease and desist all use and copying of the same.  Caliber's October 8th letter is attached hereto and incorporated herein as Exhibit 4.

17.    Plaintiff Caliber received no response to the October 8, 2015 letter on behalf of

Defendant and, upon information and belief, Defendant continues to infringe Plaintiff's exclusive rights in and to the Caliber Marks, primarily by way of using the marks for automotive advertising over the Internet.

18.     Defendant's unauthorized use and copying of the Caliber Marks has been done with Defendant's knowledge of Plaintiff's rights therein, and with intent to cause confusion, mistake, or deception among purchasers, potential purchasers, the trade, and the public.  Defendant's actions have amounted to intentional, egregious, and wanton infringement.

19.     Through its unauthorized use and copying of the Caliber Marks, Defendant seeks to profit from the success and reputation of the Caliber Marks.

20.     Defendant's unauthorized use and copying of the Caliber Marks has resulted in, is resulting in, and will continue to result in harm to Plaintiff, including without limitation, damage to Plaintiff Caliber's reputation and goodwill in the Caliber Marks, consumer confusion, as well as in monetary losses and damage.

21.     As a result, this action seeks injunctive and monetary relief for: (i) trademark infringement in violation of 15 U.S.C. § 1114(1); (ii) trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a); and (iii) common law unfair competition and unjust enrichment.

<u>COUNT I</u>
<u>(Federal Trademark Infringement - 15 U.S.C. § 1114(1))</u>

22.     Plaintiff Caliber incorporates the allegations contained in Paragraphs 1 through 21 above as if fully rewritten herein.

23.     Defendant's unauthorized use and copying of the Caliber Marks constitutes use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of the Caliber Marks, as identified in Caliber's U.S. Reg. No. 2,757,593 (Exhibit 1) and U.S. Reg. No. 2,227,377 (Exhibit

2) in connection with the sale, offering for sale, distribution, and advertising of Defendant's goods and/or services.

24.     Defendant's unauthorized use and copying of the Caliber Marks is likely to cause confusion and mistake (or has already caused consumer confusion or mistake), and/or is likely to deceive purchasers, potential purchasers, the trade, and the public.

25.     Defendant's unauthorized use and copying of the Caliber Marks constitutes trademark infringement under 15 U.S.C. § 1114(1).

26.     Plaintiff Caliber has been and continues to be damaged by Defendant's foregoing unauthorized use and copying of the Caliber Marks.  Defendant has profited by such unauthorized use and copying, and unless it is enjoined, Plaintiff Caliber's business, goodwill and reputation will suffer irreparable injury.

27.     Defendant's foregoing unauthorized use and copying of the Caliber Marks is willful, wanton, intentional, egregious, and undertaken in bad faith, making this an exceptional case pursuant to 15 U.S.C. § 1117 and entitling Plaintiff Caliber to recover treble damages, additional damages, and attorneys' fees under 15 U.S.C. § 1117 and other applicable state laws.

## COUNT II
### (Federal Unfair Competition, Trademark Infringement, and False Designation of Origin - 15 U.S.C. § 1125(a))

28.      Plaintiff Caliber incorporates the allegations contained in Paragraphs 1 through 27 above as if fully rewritten herein.

29.     Defendant's unauthorized use and copying of the Caliber Marks is likely to cause confusion, mistake, and deception among purchasers, potential purchasers, the trade, and the public, and/or to deceive them into believing that Defendant's goods and/or services originate from, are associated with, and/or are approved or sponsored by Plaintiff Caliber when in fact no

such association, approval, or sponsorship exists.

30.      Defendant's unauthorized use and copying of the Caliber Marks constitutes trademark infringement and unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.      Plaintiff Caliber has been and continues to be damaged by Defendant's foregoing unauthorized use and copying of the Caliber Marks.  Defendant has profited by these activities, and unless Defendant is enjoined, Plaintiff Caliber's business, goodwill and reputation will suffer irreparable injury.

32.      Defendant's foregoing unauthorized use and copying of the Caliber Marks are willful, wanton, intentional, egregious, and undertaken in bad faith, making this an exceptional case pursuant to 15 U.S.C. § 1117 and entitling Plaintiff Caliber to recover treble damages, additional damages, and attorneys' fees under 15 U.S.C. § 1117 and other applicable state laws.

### COUNT III
### (Common Law Unfair Competition)

33.       Plaintiff Caliber incorporates the allegations contained in Paragraphs 1 through 32 above as if fully rewritten herein.

34.      Defendant's unauthorized use and copying of the Caliber Marks in Defendant's advertising of its goods and/or services creates a likelihood of confusion as to the source of Defendant's goods and/or services, and constitutes unfair competition under the common law of the state of Texas.

35.      Defendant's conduct in violation of Texas common law has resulted in actual and proximate damages to Plaintiff Caliber.

## COUNT IV
### (Common Law Unjust Enrichment)

36.    Plaintiff Caliber incorporates the allegations contained in Paragraphs 1 through 35 above as if fully rewritten herein.

37.    Defendant's advertising of its goods and/or services through use of the Caliber Marks has been at the expense of Plaintiff and to Defendant's unjust enrichment.

38.    Defendant's conduct in violation of the common law of the state of Texas has resulted in actual and proximate damages to Plaintiff Caliber.

## JURY DEMAND

Plaintiff Caliber Automotive Liquidators, Inc. d/b/a Caliber Group, Inc., respectfully requests a trial by jury pursuant to Federal Rule of Civil Procedure 38 on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Caliber prays that the Court grant it the following relief:

(A)    Permanently enjoin Defendant and its affiliates, subsidiaries, divisions, officers, agents, employees, representatives, privies, successors, assigns and all those acting for them or on their behalf, or acting in concert with them directly or indirectly from: (i) advertising, marketing, promoting, manufacturing, exporting, importing, distributing, offering for sale or selling products and/or services through use of the Caliber Marks or any other mark similar to the Caliber Marks such that it is likely to cause confusion, mistake, or deception among the trade or public; and (ii) doing any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's products and/or services are in any way associated or affiliated with or sponsored or endorsed by Plaintiff Caliber;

(B)     Grant Plaintiff Caliber an equitable accounting of Defendant's profits, if any, from the sale of its goods and/or services, and award Plaintiff Caliber judgment for its damages or Defendant's profits, whichever are greater, arising from Defendant's infringement of and activities with respect to the Caliber Marks, including interest thereon;

(C)     Award Plaintiff Caliber actual damages or statutory damages under 15 U.S.C. § 1117(c), whichever is greater, arising from Defendant's violation of 15 U.S.C. § 1114(1), including interest thereon;

(D)     Declare that, due to the intentional, willful, and wanton nature of Defendant's activities, the above-referenced matter is an exceptional case under 15 U.S.C. § 1117, and award Plaintiff Caliber treble damages, additional damages, and attorneys' fees and costs thereunder; and

(E)     Grant Plaintiff Caliber any such other relief as this Court deems proper, including without limitation reasonable attorneys' fees and additional costs.

Dated: December 11, 2015.

Respectfully submitted,

/s/ Brian E. Dickerson

OF COUNSEL:                              Brian E. Dickerson *(pro hac vice pending)*
Robert S. Ballentine                      Attorney-in-Charge
State Bar Texas No. 01654700              DC Bar No. 493249
S.D. Texas Bar No. 7798                   FISHERBROYLES LLP
FISHERBROYLES LLP                         1200 G Street, NW
Two Allen Center, Ste. 1600              Suite 800
1200 Smith Street                         Washington, DC 20005
Houston, Texas 77002                      (202) 570-0248
(281) 547-8952
(832) 442-5099 (FAX)
                                          ATTORNEYS FOR PLAINTIFF
                                          CALIBER AUTOMOTIVE
                                          LIQUIDATORS, INC.